IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 18-3018

---

ORLANDO A. ACOSTA,
Appellant

v.

DEMOCRATIC CITY COMMITTEE, ROBERT TORRES, ANTHONY CLARK,
LISA DEELEY, AL SCHMIDT, COMMITTEE OF SEVENTY, EMILIO
VAZQUEZ, CARLOS MATOS, ELAINE TOMLINSON, JEWELL WILLIAMS,
DWAYNE LILLEY, SHIRLEY GREGORY, LESLIE ACOSTA, AND MIKE
TURZAI, PHILADELPHIA CITY COMMISSIONERS AND PHILADELPHIA
BOARD OF ELECTIONS,
Appellees

---

**BRIEF FOR APPELLEES ROBERT TORRES
AND DEPARTMENT OF STATE**

---

On Appeal from the August 30, 2018, Order of the United States District Court for
the Eastern District of Pennsylvania at Civil Action No. 17-1462, Granting
Defendants' Motions to Dismiss

---

Pennsylvania Department of State
Office of Chief Counsel
306 North Office Building
Harrisburg, PA 17120
Phone: (717) 783-0736
FAX: (717) 214-9899

DATE: December 21, 2018

DENISE J. SMYLER
General Counsel

TIMOTHY E. GATES
Chief Counsel

KATHLEEN M. KOTULA
Executive Deputy Chief Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

COUNTERSTATEMENT OF JURISDICTION ...................................................1

COUNTERSTATEMENT OF THE ISSUES.........................................................2

COUNTERSTATEMENT OF RELATED CASES .................................................3

COUNTERSTATEMENT OF THE CASE.............................................................5

SUMMARY OF ARGUMENT ..............................................................................9

ARGUMENT ........................................................................................................10

    I.       Acosta's Brief does not properly argue any basis to reverse the
               District Court's Order dismissing the Third Amended Complaint .........10

    II.      The District Court properly dismissed the Third Amended Complaint
               because it fails to state a claim upon which relief can be granted. .........12

CONCLUSION.....................................................................................................15

CERTIFICATE OF COUNSEL ...........................................................................16

CERTIFICATE OF SERVICE .............................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Acosta,*
   No. 2064 C.D. 2016 (Pa. Commw. Ct. Jan. 24, 2017) .........................................3

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................ 11, 13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................ 11, 13

*Connelly v. Lane Const. Corp.,*
   809 F.3d 780 (3d Cir. 2016).....................................................................13

*Commonwealth v. George,*
   No. CP-51-CR-553-2018 (Phila. Cnty. Ct. Com. Pl. May 9, 2018).....................3

*Commonwealth v. Hill,*
   No. CP-51-CR-551-2018 (Phila. Cnty. Ct. Com. Pl. June 6, 2018).....................3

*Commonwealth v. Mattox,*
   No. CP-51-CR-552-2018 (Phila. Cnty. Ct. Com. Pl. Apr. 4, 2018).....................3

*Commonwealth v. Shaw,*
   No. CP-51-CR-550-2018 (Phila. Cnty. Ct. Com. Pl. Mar. 14, 2018)...................3

*Decker v. Dyson,*
   165 F. App'x 951 (3d Cir. 2006) ...............................................................11

*Dillinger v. Caterpillar, Inc.,*
   959 F.2d 430 (3d Cir.1992)......................................................................11

*Erickson v. Pardus,*
   551 U.S. 89 (2007) ................................................................................13

*Fellner v. Tri-Union Seafoods, LLC*
   539 F.3d 237 (3d Cir. 2008)................................................................ 10, 12

*Haines v. Kerner*,
    404 U.S. 519 (1972) ...................................................................11

*Little v. Vazquez*,
    No. 17-1562 (E.D. Pa. filed Apr. 6, 2017) ........................................3, 5

*In re Nomination Certificate of Frederick Ramirez*,
    No. 44 M.D. 2017 (Pa. Commw. Ct. Feb. 23, 2017) ............................3

*Powell v. McCormack*,
    395 U.S. 486 (1969) ...................................................................1

*Powell v. Power*,
    436 F.2d 84 (2d Cir. 1970).............................................................10

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010) ........................................... 10, 12

*United States v. Acosta*,
    No. 15-CR-548 (E.D. Pa. June 29, 2018) ........................................4

**Statutes and Constitutional Provisions**

28 U.S.C. § 1291 ...................................................................1

28 U.S.C. § 1331 ...................................................................1

28 U.S.C. § 1343 ...................................................................1

42 U.S.C. § 1983 ...................................................................1, 7

U.S. Const. art. III, § 2, cl. 1 ...................................................1

Pa. Const. art. II, § 2 .............................................................1

**Rules**

Fed. R. App. P. 23 ...................................................................1

Fed. R. App. P. 28 ........................................................... 5, 11, 12

Fed. R. Civ. P. 8 ........................................................... 11, 12, 13

Fed. R. Civ. P. 12 ........................................................... 10, 11, 12

Fed. R. Civ. P. 25 ..............................................................................................6

3d Cir. L.A.R. 30.2...........................................................................................1

## COUNTERSTATEMENT OF JURISDICTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

This appeal is from an order entered on August 30, 2018, granting defendants' motions to dismiss and denying Plaintiff-Appellant Acosta's Motions for Default and Default Judgment. Doc. 126.[1]  The notice of appeal was filed on September 11, 2018. Doc. 127.  As the order at issue was not interlocutory, this Court has jurisdiction by virtue of 28 U.S.C. § 1291.[2]

---

[1] Because Appellant Orlando Acosta was granted leave to appear in the District Court *in forma pauperis*, which status also applies to the present appeal, Doc. 3, Fed. R. App. P. 23(a)(3), he was excused from preparing an Appendix and the appeal is to be "heard on the original record." 3d Cir. L.A.R. 30.2. All citations herein thus refer to the docket of *Acosta v. Democratic City Committee*, No. 17-1462 (E.D. Pa. filed Mar. 31, 2017) (unless specifically indicated otherwise).

[2] This case originated as a dispute over a special election held to fill a vacancy in the office of state representative for the two-year term of office which began December 1, 2016 and ended on November 30, 2018. Pa. Const. art. II, § 2. Seeking to be seated in the Pennsylvania House of Representatives for the remainder of that term, Acosta filed suit to have the election results thrown out and himself declared as the rightful winner. As this litigation has now outlasted the term of office which was sought, this matter may no longer represent a "case or controversy," U.S. Const. art. III, § 2, cl. 1, and the Court may wish to assure itself of its continuing jurisdiction over this matter before continuing. *Cf. Powell v. McCormack*, 395 U.S. 486, 549–50 (1969) (case not moot where Congressman-elect was not seated throughout entirety of the session of Congress).

1

## COUNTERSTATEMENT OF THE ISSUES

1.     Whether Acosta's arguments are so underdeveloped and so far from compliance with the Federal Rules of Appellate Procedure that they are waived?

*Not answered by the District Court*

*Suggested answer: Yes*

2.     Whether Federal Rules of Civil Procedure required that the District Court dismiss the Third Amended Complaint filed by Acosta?

*Answered by the District Court in the affirmative*

*Suggested answer: Yes*

## COUNTERSTATEMENT OF RELATED CASES

This case has never before reached this Court.

There was a companion to this case at the District Court level, *Little v. Vazquez*, No. 17-1562 (E.D. Pa. filed Apr. 6, 2017), which was consolidated with the present case by court order August 10, 2017.

Acosta's reference to 2016 litigation in Commonwealth Court refers to *Acosta v. Acosta*, No. 161102505 (Phila. Cnty. Ct. Com. Pl. Dec. 6, 2016), *aff'd*, No. 2064 C.D. 2016 (Pa. Commw. Ct. Jan. 24, 2017).

Acosta's brief discusses a successful residency challenge to the Democratic Party's nominee in the 197th District. *In re Nomination Certificate of Frederick Ramirez*, No. 44 M.D. 2017 (Pa. Commw. Ct. Feb. 23, 2017).

Acosta's brief also mentions the four criminal prosecutions brought by the Pennsylvania Office of Attorney General against district election board members for misconduct in the conduct in the course of the election. *Commw. v. Shaw*, No. CP-51-CR-550-2018 (Phila. Cnty. Ct. Com. Pl. Mar. 14, 2018) (imposing judgment of alternative rehabilitative disposition); *Commw. v. Hill*, No. CP-51-CR-551-2018 (Phila. Cnty. Ct. Com. Pl. June 6, 2018) (guilty plea); *Commw. v. Mattox*, No. CP-51-CR-552-2018, (Phila. Cnty. Ct. Com. Pl. Apr. 4, 2018) (guilty plea); and *Commw. v. George*, No. CP-51-CR-553-2018 (Phila. Cnty. Ct. Com. Pl. May 9, 2018) (guilty plea).

The brief also alludes to the prosecution of the former state representative, whose resignation triggered the special election of March 21, 2017. *United States v. Acosta*, No. 15-CR-548 (E.D. Pa. June 29, 2018).

## COUNTERSTATEMENT OF THE CASE

This case arose out of Appellant Orlando Acosta's grievances with the conduct of a special election held March 21, 2017, to fill a vacancy in the Pennsylvania General Assembly for the 197th Legislative District. Doc. 125 at 1–2. Acosta was an unsuccessful write-in candidate during this election, which was held following the conviction and resignation of State Representative Leslie Acosta.[3] Doc. 125 at 3–4.

In the District Court, Acosta and his co-plaintiff Edward Lloyd filed an original Complaint, an Amended Complaint, and a Second Amended Complaint. Doc. 83 at 22. The allegations of misconduct in Acosta's Second Amended Complaint were substantially identical in content to the those in the Amended Complaint filed by Lucinda Little, Cheri Honkala, the Green Party of Pennsylvania, the Republican City Committee of Philadelphia and the Republican State Committee. *Compare* Doc. 11 *with* Am. Compl., *Little v. Vazquez*, No. 17-1562 (E.D. Pa. Apr. 7, 2017) (Doc. 2).

Orlando Acosta and his fellow Plaintiff were write-in candidates in the special election.  Doc. 125 at 4.  Defendant-Appellees are the Philadelphia City

---

[3] Pursuant to Fed. R. App. P. 28(d), this Brief refers to Appellant Orlando Acosta by his actual surname rather than the title "Appellant." Where it is necessary to mention to Defendant-Appellee Leslie Acosta (the former State Representative), she is referred to by both first and last name.

Democratic Committee, Acting Secretary of the Commonwealth Robert Torres

("Secretary"),[4] the Philadelphia City Commissioners, the Committee of Seventy,

Emilio Vazquez, six other Ward Leaders of the Democratic Committee, former

State Representative Leslie Acosta, Speaker of the Pennsylvania House of

Representatives Mike Turzai, and the Philadelphia Board of Elections. Doc. 125 at

3–4. The Department of State, Bureau of Commissions, Elections and Legislation

("Department"), was named as a defendant but dismissed as a defendant by the

District Court on January 23, 2018, because the court held that the Eleventh

Amendment barred the suit. Doc. 83 at 34.

In these complaints, the *Acosta* and *Little* plaintiffs alleged misconduct by

district election board members, claiming that they threatened and intimidated

voters, and instructed them for whom to vote. Doc. 125 at 4. They claimed that

individuals working on behalf of the Democratic Party impermissibly were present

in polling places and within voting booths, and that they harassed voters. Doc. 125

at 4. The plaintiffs alleged that unknown individuals had unlawfully distributed

campaign literature, improperly assisted voters in the polling place, and engaged in

intimidation and harassment. Doc. 125 at 5. They also claimed that there had been

---

[4] Former Secretary Pedro A. Cortés was previously a party, but upon
Secretary Cortés' resignation on October 11, 2017, his successor was substituted as
a party pursuant to Fed. R. Civ. P. 25(d).

tampering with voting equipment and materials, malfunctioning machines, and improper chains of custody. Doc. 125 at 5.

The *Acosta* and *Little* plaintiffs brought suit under 42 U.S.C. § 1983 against numerous state and local officials and entities, and several Democratic Party officials and entities, claiming that they were responsible for causing these problems. Doc. 125 at 5. The plaintiffs claimed the misconduct alleged in their complaints amounted to a violation of their rights under the First and Fourteenth Amendments to the United States Constitution, as well as a violation of the Pennsylvania Election Code. Doc. 125 at 5.

The District Court consolidated the *Acosta* and *Little* complaints August 10, 2017, and issued an order and opinion dismissing both complaints on January 23, 2018. Docs. 53, 83, 84. The Court granted the plaintiffs leave to file further amended complaints, except that the Department was dismissed with prejudice on Eleventh Amendment grounds. Docs. 83 at 30–34, 79; 84.

The Court's Order gave the plaintiffs through February 12, 2018, to file an amended complaint which remedied the defects of the dismissed complaint.  Doc. 84 at 1. Plaintiffs Acosta and Lloyd filed a Third[5] Amended Civil Rights

---

[5] The complaint was styled as their "Second Amended Civil Rights Complaint" but the complaint filed February 12, 2018, followed complaints filed March 31, 2017, April 4, 2017, and April 11, 2017, making it the *Acosta* plaintiffs' third. Docs. 1, 9, 11.

Complaint on February 12, 2018. Doc. 91. (The dismissal of this complaint prompted the present appeal.)

The District Court issued an Opinion and Order dismissing the Third Amended Complaint on August 30, 2018, again finding that Acosta had failed to state a claim against any defendant and, as a result, granting defendants' motions to dismiss. Docs. 125, 126.

Acosta timely appealed on September 11, 2018. Doc. 127.

## SUMMARY OF ARGUMENT

Acosta's brief makes only passing references to the law and does not develop the arguments in support of his position. His arguments in favor of reversal are therefore waived.

The District Court properly applied the law to the Third Amended Complaint, which did not make any specific allegations about the Secretary. The law requires dismissal of such a complaint.

The Order of the District Court dismissing the Third Amended Complaint should be affirmed.

## ARGUMENT

### I. **Acosta's Brief does not properly argue any basis to reverse the District Court's Order dismissing the Third Amended Complaint.**

<u>Statement of Standard of Review</u>

This Court applies the *de novo* or plenary standard when reviewing the District Courts' grants of motions to dismiss under Rule 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). Under this standard, the Court must "accept as true all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Fellner v. Tri-Union Seafoods, LLC*, 539 F.3d 237, 242 (3d Cir. 2008).

<u>Discussion</u>

Acosta's Brief focuses on all the wrong things. It details the misconduct of a former state representative. It alludes to other collateral judicial proceedings stemming from a 2016 election. It alleges wire fraud and RICO violations. It mentions criminal prosecutions that arose from the March 21, 2017, special election. It even, somehow, characterizes an attorney's statement of argument and opinion—in which he quotes this Court's sister court, *Powell v. Power*, 436 F.2d 84, 86 (2d Cir. 1970)—as "perjury."

What Acosta's Brief does not do is meaningfully argue a basis for reversal of the District Court's order. This is unfortunate for Acosta, because he is required

10

by the Appellate Rules of Procedure to include in his brief the "contentions and the reasons for them with citations to the authorities . . . on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Passing references" to arguments "without further development" are inadequate to meet this standard, and any such under-developed arguments must be considered waived. *Decker v. Dyson*, 165 F. App'x 951, 954 (3d Cir. 2006) (citing *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430, 447 (3d Cir.1992)).

Even applying the generous construction that is afforded to *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Acosta's Brief fails to meet this standard: indeed, it would be difficult to characterize any of his argument as anything more than a "passing reference" to the law, with any development whatsoever. Indeed, this Court will search in vain for any references to Fed. R. Civ. P. 8 or 12, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the standards contained in each, or any of the other authorities cited by the District Court in support of its Order dismissing the Third Amended Complaint.

It appears that Acosta regards the Brief as yet another forum in which to air the same grievances, now adding to his tale of woe the adverse judgment of dismissal from the District Court and his perceived mistreatment at Judge Slomsky's hands. But this is no substitute for the actual legal argument required by

11

Fed. R. App. P. 28. Acosta's Brief does not adequately present any legal argument whatsoever and so all arguments are waived.

Having failed to make any argument in favor of reversal, the District Court's Order should be affirmed.

## II.    The District Court properly dismissed the Third Amended Complaint because it fails to state a claim upon which relief can be granted.

Statement of Standard of Review

This Court applies the *de novo* or plenary standard when reviewing the District Courts' grants of motions to dismiss under Rule 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). Under this standard, the Court must "accept as true all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Fellner v. Tri-Union Seafoods, LLC*, 539 F.3d 237, 242 (3d Cir. 2008).

Discussion

The Federal Rules of Civil Procedure require that a pleading stating "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Those Rules further provide that the defense of "failure to state a claim upon which relief can be granted" may be asserted in a responsive pleading, or in a motion. Fed. R. Civ. P. 12(b)(6).

Plaintiffs' complaint fell short of the standards for pleading established in the Federal Rules of Civil Procedure and was thus subject to dismissal for failure to state a claim. Pursuant to the U.S. Supreme Court's rulings in *Twombly* and *Iqbal*, the Court is to "begin by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. The Court then identifies the conclusory statements "not entitled to the assumption of truth," but assumes the veracity of well-pleaded factual allegations in the complaint, determining "whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 697).

Although the Court is required to construe *pro se* pleadings broadly, the Complaint fails to meet even the generous standard applicable here. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Fed. R. Civ. P. 8(e). The Third Amended Complaint failed even to mention the Secretary or his office by name. Despite his fulminations alleging "illegal and fraudulent activity," Acosta's rambling statements failed to allege any specific actions or wrongdoing by the Secretary.

The District Court correctly determined that Acosta's Third Amended Complaint—the then-operative complaint, and the subject of the instant appeal— "contains no factual allegations directed at [Secretary Torres' predecessor] Secretary Cortés . . . and therefore has failed to cure the deficiencies in the Second Amended Complaint." Doc. 125, Part IV.C at 16. The court noted that Secretary

13

Torres was not liable on a *respondeat superior* theory, that plaintiffs failed to plausibly allege personal involvement of Secretary Torres or his predecessor in the alleged wrongful conduct, failed to allege a plausible claim of failure to train or supervise regarding the contested election, and failed to point out a policy or practice that creates a risk of constitutional violations. Doc. 125 at 16.

Acosta's claims against the other defendants likewise foundered for failure to plausibly allege facts which would give rise to liability. Doc. 125, Parts IV.A, IV.B, IV.D, IV.E at 14–15, 17–20. The court also correctly determined that Acosta's motions for default were meritless. Doc. 125, Part IV.F at 20–22.

Because the content of the Third Amended Complaint did not meet the standards required by the Federal Rules of Civil Procedure and other governing law, the District Court's Order of dismissal was proper.

This Court should affirm the Order of the District Court.

**CONCLUSION**

For the foregoing reasons, this Court should affirm the challenged order of

the District Court.

Respectfully submitted,

DENISE J. SMYLER
*General Counsel*

By:    */s/ Kathleen M. Kotula*
_____

TIMOTHY E. GATES
*Chief Counsel*
Pa. Supreme Court ID No. 202305

KATHLEEN M. KOTULA
*Executive Deputy Chief Counsel*
Pa. Supreme Court ID No. 86321

Office of Chief Counsel
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Phone: (717) 783-0736
FAX: (717) 214-9899

DATE:  December 21, 2018

# CERTIFICATE OF COUNSEL

I, Kathleen M. Kotula, Executive Deputy Chief Counsel, hereby certify as follows:

1.     I am a member of the bar of this Court, and Timothy E. Gates is also a member of the bar of this Court.

2.     This brief complies with the applicable volume limitations because it contains 3,544 words. I relied on my word-processing system to obtain this word count.

3.     I certify that this brief is double-spaced (excluding quotations, headings and footnotes) in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

4.     The text of the electronic version of this brief is identical to the text of the paper copies mailed to the Court on this date.

5.     The following virus detection program – McAfee VirusScan Enterprise Version 8.8.012000 – was run on the file and no virus was detected.

*/s/ Kathleen M. Kotula*
_____

KATHLEEN M. KOTULA
Executive Deputy Chief Counsel

DATE:  December 21, 2018

# CERTIFICATE OF SERVICE

I, Kathleen M. Kotula, Executive Deputy Chief Counsel, do hereby certify that I have this day served the foregoing Brief for Appellees upon the person(s) and in the manner indicated below:

By First Class Mail:
Orlando A. Acosta
5355 Belfield Avenue
Philadelphia, PA 19144
*Pro Se Appellant*

By CM/ECF:

Marni Jo Snyder, Esq.
Law Offices of M.J. Snyder
100 South Broad Street, Suite 1910
Philadelphia, PA 19110
*Attorney for the Democratic City Committee*

Jonathan F. Bloom, Esq.
Karl F Myers, Esq.
Stradley, Ronin, Stevens & Young
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7098
*Attorneys for Speaker Michael Turzai*

Adam C. Bonin, Esq.
The Law Office of Adam C. Bonin
121 South Broad Street, Suite 400
Philadelphia, PA 19107
*Attorney for Emilio Vazquez*

Anthony Kyriakis, Esq.
Dilworth Paxson
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
*Attorney for Carlos Matos, Elaine Tomlin, Jewell Williams, Dwayne Lilles, Shirley Gregory, and El-Amor Browne Ali*

Elise Bruhl, Esq.
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102-1595
*Attorney for Philadelphia City Commissioners*

I further certify that seven hard copies of this brief were also sent to the Clerk of the United States Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

*/s/ Kathleen M. Kotula*
KATHLEEN M. KOTULA
Executive Deputy Chief Counsel

DATE: December 21, 2018

17