

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Number: 183018
Case Name: Acosta vs. the Democratic City Committee and AL

## Appellants informal brief response to both appellees Briefs IN THE United States COURT OF Appeals FOR THE THIRD CIRCUIT CASE NUMBER 18-30-18

This informal brief is in response to both appellees briefs. Both Appellees' brief fall short of standards for pleading established in Federal rules of civil procedure and should reverse the lower court's decision. Both appellees would like to divert the court's attention from the fact that the Appellees broke the law. At the center of this whole ordeal is should be following the law, not its interpretation. What the appellant is trying to get the court to focus on and pay attention to are broken laws by the state election is what laws were broken by the State and the state election board and the Democratic City Committee. Mr. Pedro Cortes was indirectly responsible, as well, in both elections, by certifying the elections even though the state legislators called for an investigation the day after the special election took place. Mr. Pedro Cortes as an officer of the state swore to uphold the Constitution failed in that duty. This case is centered around the special election that took place on March 21, 2017.

Two critical facts that the lower Courts failed to address:
(1) Before the issue of the special election can be addressed you must look at what initiated the problem from the beginning.
(2) The fact that the Democratic Party in the 2016 state representative race for the 197 District endorsed a candidate, Leslie Acosta, who pled guilty to embezzlement and one count of money laundering.

The secretary of the Commonwealth chairman of the election reform task force, Mr. Pedro Cortes, should have followed the State Constitution. Section 7 of the State Constitution states anyone with has been convicted of a crime is ineligible from running. There would have never been a special election if the state would not have accepted Leslie Acosta re-election paperwork in 2016. These problems would have never occurred if the state election board and the secretary of the Commonwealth of Pennsylvania decided to follow the law not turning a blind eye and ignoring the state constitution under the guise of interpreting the law. Their failure to follow the law is what led to the special election that should have never been.

Under section 26 it states that there should be no discrimination by Commonwealth and its political subdivision—but there was. The Democratic City committee and the state election board violated section 5 of the Pennsylvania State Constitution (elections). Another section of the State Constitution is section 6 to a jury trial. The District Court violated the appellants 7th Amendment rights under the United States Constitution for a jury trial and the appellant 14th Amendment rights were violated under the due process clause. The District Court violated the appellant's civil rights by misrepresenting the law

as it relates to the Immunity Clause for the state of Pennsylvania. The State of Pennsylvania never ratified the 11th Amendment of the United States Constitution and in the Pennsylvania State Constitution, section 11, allows Court action to be brought against the Commonwealth of Pennsylvania. The District Court misrepresented the law as it relates to the Immunity Clause under the United States Constitution and under the 7th Amendment. I requested on the original paperwork that I receive a jury trial. The judge violated my civil rights by not granting me a jury trial. Under the 7th Amendment and the Bill of Rights to the United States Constitution, they state that in order for a judge to decide a case in a civil case without a jury that both parties in the case would have to wave their rights to a jury. I never waved my rights to a jury trial in this case. I would like to remind the Court that 4 people were charged with felony crimes related to tampering with votes in the special election. Everyone knows that when you tamper with votes that you are in effect changing the outcome of an election. The integrity of all elections must be protected especially when there has been a history of election tampering and other violations.

I respectfully ask the court to render a decision based off of the Law and freedoms that the Constitution was built on by our founding forefathers. Please do not base the evaluation of this case off the interpretation of law and not the strict scrutiny standard in a civil case. The law requires that the appellant has the burden to show the mistakes within the case. This burden of proof has to be shown with a preponderance of the evidence. In a civil case, as it relates to a jury trial, a jury can still have doubt and still rule in the plaintiff's favor. The threshold for proving a civil case has a lower burden of proof then a criminal case. The appellant claim is that if the state election board, the Democratic City committee, the Democratic Party, and the secretary of the Commonwealth would have done their jobs then the appellant would have been state representative of the 197 District and he would have been able to financially provide for his family. However, he was deprived of that opportunity and it has caused him great emotional distress these past years. Please right this wrong and demonstrate the righteous authority of judicial system. I, sincerely, thank the court for its time.