**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3018
_____

ORLANDO A. ACOSTA, WRITE IN CANDIDATE REPUBLICAN;
EDWARD LLOYD, WRITE IN CANDIDATE DEMOCRAT

v.

DEMOCRATIC CITY COMMITTEE; EMILIO VAZQUEZ,
WARDLEADER/CANDIDATE;  CARLOS MATOS, WARDLEADER; ELAINE
TOMLIN, WARDLEADER; JEWELL WILLIAMS, WARDLEADER; DWAYNE
LILLEY, WARDLEADER; SHIRLEY GREGORY, WARDLEADER; EL-AMOR
BROWNE ALI, WARDLEADER; LESLIE ACOSTA, FORMER STATE REP.; MIKE
TURZAI, STATE REP. SPEAKER OF THE HOUSE; PHILADELPHIA CITY
COMMISSIONERS & COUNTY OF PHILADELPHIA BOARD OF ELECTIONS;
SECRETARY COMMONWEALTH OF PENNSYLVANIA; DEPARTMENT OF
STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION;
ANTHONY CLARK, CITY COMMISSIONER; AL SCHMIDT, CITY
COMMISSIONER; LISA DEELEY, CITY COMMISSIONER; COMMITTEE OF
SEVENTY

ORLANDO A. ACOSTA,
                                                     Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-01462)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: May 16, 2019)

---

## OPINION[*]

---

PER CURIAM

Pro se appellant Orlando Acosta appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

This action concerns the March 21, 2017 special election for the Pennsylvania State Representative seat for the 197th Legislative District. In his complaint, Acosta alleged that he ran as a write-in candidate in the special election. Another candidate, Emilio Vasquez, prevailed. In his complaint, Acosta[1] alleged that the defendants—ward leaders, commissioners, politicians, and political organizations—committed "numerous significant and material violations of the election law," ECF No. 11 at 14, including coercing voters into voting for Vasquez, allowing unauthorized partisans to assist voters in the polling places, turning away voters who opposed Vasquez, and failing to properly supervise the election. Acosta raised his claims under 42 U.S.C. § 1983.

After Acosta twice amended his complaint, the District Court consolidated Acosta's action with one filed by several other unsuccessful candidates. The defendants

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Acosta filed his complaint jointly with Edward Lloyd, another unsuccessful write-in candidate, but Lloyd is not a party to this appeal.

filed motions to dismiss. In a lengthy opinion, the District Court granted the motions and dismissed the complaints. See ECF Nos. 83–84. The Court dismissed the complaints without prejudice, and Acosta filed a third amended complaint; the other defendants did not re-plead. The District Court again dismissed the complaint, and Acosta filed a timely notice of appeal. Acosta has filed several documents in this Court, including a request for oral argument.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review. See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

At the outset, we note that we will consider only those issues that Acosta has raised in his brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted)); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). As the appellees stress, Acosta has not challenged the majority of the District Court's legal rulings in any way.

Each of the claims that Acosta does raise lacks merit. First, contrary to his argument, the District Court did not violate his right to a jury trial under the Seventh

Amendment by granting the motions to dismiss.  See, e.g., Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979); Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 631 n.5 (5th Cir. 2014).  Next, Acosta contends that because he proceeded in forma pauperis, the United States Marshal was required to serve his complaint on defendant the Committee of Seventy.  But the District Court was nevertheless permitted to dismiss the claims against this defendant under 28 U.S.C. § 1915(e)(2)(B) before service of process.  See generally Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).[2]

Acosta also argues that the District Court should have imposed criminal liability on the defendants, but "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Parkhurst v. Tabor, 569 F.3d 861, 866 (8th Cir. 2009).  Further, while Acosta contends that counsel for one of the appellees perjured himself by arguing that the District Court "should not tinker with state election machinery," Br. at 3, we are satisfied that counsel's argument falls within the scope of "what is expected in the normal adversary process." King v. First Am. Investigations, Inc., 287 F.3d 91, 96 (2d Cir. 2002).  Finally, there is no merit to his argument that the Eleventh Amendment is inapplicable in Pennsylvania.  See, e.g. Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ., 880 F.3d 643, 660 (3d Cir. 2018); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).

---

[2] Acosta has not challenged the District Court's ruling that the Committee of Seventy is not a state actor for purposes of § 1983.

Accordingly, we will affirm the District Court's judgment. Acosta's request for oral argument is denied. His motion to present additional evidence, which we construe as a request to provide additional legal argument, is granted. To the extent that his other filings request additional relief, they are denied.